IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Criminal Case No. **99-cr-299-DBS-1**

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.

**XAVIER DAVIS, et al.,**

        Defendant.
_____

**ORDER DENYING MOTION TO REDUCE SENTENCE**
_____

Kane, J.

This matter is before me on Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. #977). The motion was assigned to me following the death of Judge Sparr, the sentencing judge. Having carefully considered the Motion and response, and all applicable legal authorities, and being fully advised in the premises, I rule as follows:

"A district court is authorized to modify a defendant's sentence only in specified instances where Congress *expressly* granted the court jurisdiction to do so." *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006) (emphasis in original, internal quotation omitted). In 18 U.S.C. § 3582(c)(2), Congress provided as relevant here that "in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. § 994(o), . . . the court may reduce the term of imprisonment . . . if such a

reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (emphasis added). In the applicable policy statement, set forth in Section 1B1.10(a), the Sentencing Commission states that a reduction in a defendant's term of imprisonment as a result of an amendment to the Sentencing Guidelines "is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the amendment] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

In this case, Mr. Davis seeks a reduction in sentence based on Amendment 706 to the Sentencing Guidelines, which, as amended by Amendment 711, reduced the base offense level for most cocaine base ("crack") offenses by two levels. *See* U.S.S.G., Supplement to App. C, Amends. 706, 711 (2007). It is undisputed, however, that the total offense level for Mr. Davis under the amended guideline is 33, the same offense level Judge Sparr used in sentencing Mr. Davis in 2001. *See* Def.'s Reply (Doc. #983), ¶ 3. Based on this total offense level and a criminal history category of II, the resulting guideline range for Mr. Davis after Amendment 706 is 151-188 months, the same range Judge Sparr employed in sentencing Mr. Davis. Amendment 706 does not, therefore, have the effect of lowering the guideline range under which Mr. Davis was originally sentenced. As a result, he is not eligible for a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) or section 1B1.10(a)(2)(B) of the Sentencing Commission's policy statement. *See United States v. James*, __ F.3d __, 2008 WL 4867909 (11th Cir. Nov. 12, 2008) (defendant not entitled to resentencing under

§ 3582(c)(2) when application of amended guideline would not lower defendant's applicable guideline range); *United States v. Thomas*, 524 F.3d 889, 890 (8th Cir. 2008) (same).

Mr. Davis argues that I have discretion to disregard the Sentencing Commission's policy statement and to reduce Mr. Davis' sentence even though Amendment 706 does not have the effect of lowering Mr. Davis' guideline range. The cases relied upon by Mr. Davis, however, both concern application of section 1B1.10(b)(2) of the Sentencing Guidelines, in which the Sentencing Commission seeks to impose limits on the amount of any sentence reduction made pursuant to section 3582(c)(2). This section and a court's discretion under it do not come into play unless the court first determines that the defendant is eligible for sentence reduction because the guideline amendment has the effect of lowering the defendant's guideline range as required by section 3582(c) and section 1B1.10(a) of the Sentencing Guidelines. *See United States v. Ragland*, 568 F. Supp. 2d 19, 22 & n.4 (D.D.C. 2008) (if guideline amendment does not lower defendant's guideline range, then defendant is not entitled to sentence reduction); *United States v. Tynes*, 546 F. Supp. 2d 319, 321 (E.D. Va. 2008) (determining "as a threshold matter" that amendment had effect of lowering defendant's guideline range, leaving only amount of reduction under U.S.S.G. § 1B1.10(b) to be determined); *see also James*, 2008 WL 4867909 *2 (arguments regarding application of *Booker* and *Kimbrough* at resentencing are academic when defendant is not entitled to resentencing because the guideline amendment did not have effect of lowering defendant's guideline range). As

there is no question that this threshold requirement has not been met in this case, I lack authority to reduce Mr. Davis' sentence as he requests. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B).

For the reasons stated above, Defendant's Motion to Reduce Sentence (Doc. #977) is DENIED.

IT IS SO ORDERED this 24th day of November, 2008.

s/ John L. Kane
John L. Kane, Senior District Judge
United States District Court